Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorney for Plaintiff
DJAMSHID SETAYESH

## IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF ARIZONA

| | |
|---|---|
| DJAMSHID SETAYESH, | Case No.: |
| Plaintiffs, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| A & S COLLECTION ASSOCIATES, INC., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## **VERIFIED COMPLAINT**

DJAMSHID SETAYESH (Plaintiff), by his attorneys, KROHN & MOSS, LTD., allege the following against A & S COLLECTION ASSOCIATES, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant maintains a business office in the state of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Everett, Snohomish County, Washington and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a corporation with a business office in Glendale, Arizona.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiff at 949-295-9530.

13. Defendant is attempting to collect a debt that Plaintiff does not owe.

14. Defendant falsely reported negative information to the Credit Reporting Agencies (see Exhibit A).

15. Defendant fails to inform Plaintiff in each communication that Defendant is a debt

collector.

16. Defendant threatened to file a lawsuit against Plaintiff, but has not done so.

17. Defendant threatened to arrest Plaintiff if payment was not made.

18. Defendant threatened to garnish Plaintiff's wages, but has not done so.

19. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, or legal status of the debt because Plaintiff does not owe the debt alleged by Defendant.

   d. Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of the debt alleged by Defendant would result in the arrest of Plaintiff.

   e. Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of the debt alleged by Defendant would result in the garnishment of Plaintiff's wages when Defendant did not intend to do so.

   f. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff when Defendant did not intend to do so.

   g. Defendant violated *§1692e(5)* of the FDCPA by threatening to garnish Plaintiff's wages when Defendant did not intend to do so.

h. Defendant violated *§1692e(8)* of the FDCPA by using false and deceptive means in the attempt to collect a debt by falsely reporting negative information to the Credit Reporting Agencies.

i. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect a debt because Plaintiff does not owe the debt.

j. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect a debt by falsely reporting negative information to the Credit Reporting Agencies.

k. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect a debt when Defendant threatened to file a lawsuit and has not done so.

l. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect a debt when Defendant threatened to garnish Plaintiff's wages and has not done so.

m. Defendant violated *§1692e(11)* of the FDCPA by failing to inform Plaintiff in each and every communication that Defendant is a debt collector.

n. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof,

is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiffs have suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, DJAMSHID SETAYESH, respectfully requests judgment be entered against Defendant, A & S COLLECTION ASSOCIATES, INC., for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DJAMSHID SETAYESH, demands a jury trial in this cause of action.

VERIFIED COMPLAINT

1
2                                            RESPECTFULLY SUBMITTED,
3    DATED:  May 26, 2009                    KROHN & MOSS, LTD.
4
5                                     By: /s/ Ryan Lee
6                                         Ryan Lee
                                          Attorney for Plaintiff
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VERIFIED COMPLAINT

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF WASHINGTON

Plaintiff, DJAMSHID SETAYESH, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DJAMSHID SETAYESH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

4/24/09
Date

DJAMSHID SETAYESH

Plaintiff's Complaint and Demand for Jury Trial- 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT A**

VERIFIED COMPLAINT

## Daily Alert

<<  Back To My Credit Center

Daily Alerts inform you of important changes to your Equifax credit file within 24 hours. Enjoy peace of mind knowing you have the tools to better monitor possible fraudulent activity early.

When we checked your credit file, we found one or more of these items:

- **New Inquiries**
- **Potentially Negative Information**
- **Public Records**
- **New Accounts**
- **Address Changes**

*Please note that monitoring alerts remain in your detailed summary for 90 days from the date they are posted.

### New Inquiries:
The following inquiries are "hard" or voluntary inquiries and were generated because you authorized the companies listed to request a copy of your credit report.

| Alert Date | Business Name | Inquiry Date |
|---|---|---|
| 04/02/2009 | THE HOME DEPOT/CBSD | 3/31/2009 |
| 02/11/2009 | EQUIFAX MORTGAGE SER | 2/10/2009 |
| 02/07/2009 | CITI-CREDIT BUREAU D | 2/6/2009 |
| 02/07/2009 | THE HOME DEPOT/CBSD | 2/6/2009 |
| 01/31/2009 | FIRST NATIONAL BANK, | 1/30/2009 |
| 01/27/2009 | BOEING EMPLOYEES' CR | 1/26/2009 |

Back to Top

### Potentially Negative Information:
An item is "potentially negative" when a creditor reports that you have not met the terms of your agreement with them, which may include late payments, accounts that have been charged off, accounts sent to collection, bankruptcies, liens, judgments, etc.

| Alert Date | Business Name | Balance Date | Balance Amount | Status Date | Payment Status |
|---|---|---|---|---|---|
| 04/17/2009 | A&S COLLECTION ASSOCIATES, INC | | $5,000.00 | 04/01/2009 | UNPAID (UNPAID) |

Back to Top

### Public Records:
Public record information includes bankruptcies, liens, judgments or garnishments and comes from county, state or federal court records.

| Alert Date | Reporting Court Name | Public Record Amount | File Date | Type of Record |
|---|---|---|---|---|

No items of this type were found for this period.

Back to Top

### New Accounts:
New accounts include bankcards, credit cards, and loans including car, business, home equity, mortgage, retail, and student loans.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT B</u>**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — ✓YES  NO
2. Fear of answering the telephone — ✓YES  NO
3. Nervousness — ✓YES  NO
4. Fear of answering the door — YES  NO✓
5. Embarrassment when speaking with family or friends — YES  NO✓
6. Depressions (sad, anxious, or "empty" moods) — ✓YES  NO
7. Chest pains — ✓YES  NO
8. Feelings of hopelessness, pessimism — YES  NO✓
9. Feelings of guilt, worthlessness, helplessness — YES  NO✓
10. Appetite and/or weight loss or overeating and weight gain — YES  NO✓
11. Thoughts of death, suicide or suicide attempts — YES  NO✓
12. Restlessness or irritability — ✓YES  NO
13. Headache, nausea, chronic pain or fatigue — YES  NO✓
14. Negative impact on my job — ✓YES  NO
15. Negative impact on my relationships — YES  NO✓

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____

_____
_____
_____
_____
_____

   *Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: **4/24/09**

Signed Name: [signature]

Printed Name: **DJAMSHID SETAYESH**